IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CARLOS DANIEL TIZOL RAGUEX,

Petitioner,

vs.

WARDEN, MCCOOK, et al.,

Respondents.

8:26-CV-589

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in the McCook Detention Center in McCook, Nebraska. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Guatemala who entered the United States near the Lukeville, Arizona port of entry on November 9, 2023. Filing 8 at 4. He was issued a notice to appear and released on recognizance. Filing 8 at 4; filing 8-2; filing 8-3. On July 4, 2026, he was arrested by the Lincoln Police Department and charged with assault, terroristic threats, and child abuse. Filing 8 at 4. An ICE detainer was lodged and on July 9, the petitioner was taken into ICE custody. Filing 8 at 4; filing 8-1.

On August 12, 2026, an immigration judge ordered the petitioner removed to Guatemala. Filing 8 at 5. The petitioner appealed and his appeal remains pending. Filing 8 at 5; filing 8-4. On October 8—**<u>after</u>** this petition was filed—the petitioner's order of release of recognizance was purportedly revoked, by the same deportation officer who on the same date completed the declaration supporting the government's return. Filing 8 at 4-5; filing 8-3.

The government argues that the petitioner is properly detained without bond pursuant to § 1225, as construed by the Eighth Circuit in *Avila*. Filing 6

at 5-6. The Court disagrees for the reasons articulated in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026): The petitioner was conditionally released pursuant to § 1226(a)(2)(B), and nothing in *Avila* permits the government to effectively recategorize him. *Dos Santos Silva*, 2026 WL 926725, at *1.

The government also emphasizes that the petitioner's prior order of release was formally revoked, and that "any special status conferred upon Petitioner in this case was erased when the Order for Release on Recognizance was formally revoked." Filing 6 at 1. But the record provides little support for the government's suggestion that any revocation of the petitioner's release was *properly* revoked. Pursuant to the relevant regulations,

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained.

8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). And here, the order upon which the government's argument relies was issued by a "Supervisory Detention and Deportation Officer." Filing 8 at 5; filing 8-3. Nothing in the record suggests that the SDDO who purported to revoke the petitioner's release—three months after the petitioner's detention, and apparently in response to the filing of this petition—was authorized to do so within the strictures of §§ 236.1(c)(9) and 1236.1(c)(9). Nor does anything suggest that the petitioner was provided with an opportunity to address the purported basis for that revocation.

And as the Court has explained, due process does not permit an alien released on recognizance to be deprived of the liberty interest that confers unless the government complies with its own regulations and provides notice and an opportunity to be heard. *Dos Santos Silva*, 2026 WL 926725, at *2.[1] Accordingly, because the petitioner was on conditional parole pursuant to § 1226(a)(2)(B) when he was detained, and there is nothing in the record suggesting that any qualifying officer exercised discretion to revoke the petitioner's release, *see* §§ 236.1(c)(9) and 1236.1(c)(9), the Court will conditionally grant the petition for the reasons articulated in *Dos Santos Silva*.

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before October 22, 2026**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4. **On or before October 27, 2026**, the government shall provide the Court with a status update regarding the bond

---

[1] The Court is fully aware of the likely result of such a hearing in this case, given the allegations against the petitioner. *See* filing 8 at 4. But due process requires that the petitioner be provided with an opportunity to be heard.

hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 15th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge